Edward J. Goodwin *vs.* Hyman Silverman.

JUNE 26, 1945.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is an action of trespass on the case for deceit to recover damages for an alleged false representation by the defendant in connection with the sale of a certain automobile truck to the plaintiff. The case is now before us on only one exception, by the plaintiff to a decision by a justice of the superior court sustaining the demurrer by the defendant to an amended declaration.

In that declaration the plaintiff alleges that the defendant falsely and fraudulently represented to him that the lowest price for the sale of that truck to the plaintiff was $500. He also alleges that the "ceiling price" of it under the Emergency Price Control Act, so-called, was considerably less than $500. He does not allege that the defendant misstated to him such ceiling price, but only that he himself was ignorant of it.

He then alleges that he, "without knowledge of the false representations", purchased the truck for $500; that, having afterwards received knowledge of the falsity of the representations described, he returned the truck to the defendant and demanded from the latter the return of the purchase price, but that the latter refused to return it. The plaintiff asserted that he was therefore entitled to recover the purchase price of $500, with interest. It is obvious, from these statements in the amended declaration, that the plaintiff elected to rescind the contract of sale and to recover the full purchase price on the basis of such rescission.

In *Robinson* v. *Standard Stores, Inc.*, 52 R. I. 271, at 273, this court said: "One who has been induced by fraud to make a contract has a choice of remedies—he may elect to rescind the contract and recover what he has paid under it or he may bring an action for deceit and recover the damages sustained. By bringing an action for deceit, the defrauded

party treats the contract as subsisting and, in effect, affirms it."

In *Moran* v. *Tucker,* 40 R. I. 485, at 488, this court said: "Generally an action in deceit for damages caused by fraudulent misrepresentation in procuring a contract is based upon the theory of an affirmance of the contract. It has been held that in the case of an executed contract the party defrauded has the right to pursue one of two remedies, either he may rescind the contract, return what he has received under it and sue to recover back what he has paid; or he may affirm the contract and sue for his damages in an action for deceit; but he cannot pursue both remedies."

We are convinced that the language above quoted from the opinions in those two cases correctly states the doctrine which should be applied in the instant case and that, therefore, the decision of the superior court sustaining the defendant's demurrer to the plaintiff's amended declaration was correct.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Fergus J. McOsker,* for plaintiff.

*Irving Winograd, Frank W. Slepkow,* for defendant.